**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **RYAN BERGER,** | § | **JUDGE** _____ |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** _____ |
| | § | |
| **SOUTHERN CHLORINATION** | § | **MAG. JUDGE** _____ |
| **SERVICE, LLC, and** | § | |
| **TOMMY DELASALLE** | § | |
| **Defendants,** | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **RYAN BERGER**, hereinafter called "Plaintiff" or "**RYAN**", complaining of and about **SOUTHERN CHLORINATION SERVICES, LLC,** and **TOMMY DELASALLE**, hereinafter called collectively referred to as "Defendants" or individually as "**SOUTHERN CHLORINATION**", and "**DELASALLE**" for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff, **RYAN BERGER**, is a major domiciliary of Jena, LaSalle Parish, Louisiana.

2.      Defendant **SOUTHERN CHLORINATION SERVIC, LLC**, is a Louisiana limited liability company organized under the laws of the State of Louisiana and who may be served by serving its registered agent, **TOMMY DELASALLE,** at 26144 Hwy 8 West, Trout, Louisiana 71371, its registered office.

## JURISDICTION AND VENUE

3.      Defendant **TOMMY DELASALLE** is a major domiciliary of Trout, LaSalle Parish and resided at 26144 Highway 8 West, Trout, Louisiana 71371.

4.      The court has jurisdiction over the lawsuit because the suit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.  The plaintiff was employed as an Instrumentation Technician and worked for **SOUTHERN CHLORINATION** for 7 years, an entity doing business within the territorial jurisdiction of the court.

5.      **SOUTHERN CHLORINATION SERVICES, LLC,** is a Louisiana corporation doing business in the State of Louisiana.  Defendant **SOUTHERN CHLORINATION** employed **RYAN** and **TOMMY DELASALLE** was Plaintiffs supervisor and also the owner of **SOUTHERN CHLORINATION**.

6.      Venue is proper in this district under 28 U.S.C. §1391 (b)(2) because the alleged unlawful employment practices were committed in this district.

## VIOLATION OF THE FSLA AND THE LOUISIANA PAYDAY LAW

7.      **RYAN** is an employee within the meaning of the FSLA and belongs to the class of employees protected under the statute, Federal Labor Laws like the FLSA provide workers with protections: minimum wage and overtime payments.

8.      Defendant, **SOUTHERN CHLORINATION**, is an employer within the meaning of the FLSA.

9.      Defendant **TOMMY DELASALLE** is the supervisor of Plaintiff and owner/decision maker at **SOUTHERN CHLORINATION**.

10.     Defendants intentionally violated the FLSA and The Louisiana Payday Law when they unlawfully refused to pay **RYAN** overtime wages.

11.     **RYAN** has 1,501.31 hours of overtime from March 14, 2016 to February 16, 2019 for which he was never paid.

12.     After **RYAN** quit working for **SOUTHERN CHLORINATION**, **TOMMY DELASALLE** falsely accused Plaintiff, **RYAN**, of stealing from **SOUTHERN CHLORINATION** and saying that was the reason for **RYAN**'s termination.

13.     Defendants never allowed **RYAN** to take his accrued unused paid sick, travel, or vacation days after working for 7 years for **SOUTHERN CHLORINATION** in violation of the La. Pay Day Law, La. R.S. 23:631.

14.     Defendants chose to withhold **RYAN**'s last two (2) pay checks without any explanation, despite repeated demands also in violation of La. R.S. 23:631.

15.     Defendants, intentionally engaged in unlawful employment practices involving **RYAN**'s claims when **SOUTHERN CHLORINATION** created new tax numbers to evade being caught.  Upon information and belief their **SOUTHERN CHLORINATION**'s CPA did it online.

16.     **RYAN** claims retaliation by Defendants when they spoke to **RYAN**'s customers and vendors negatively.

17.     Defendants have repeatedly attempted to interfere with the contacts between **RYAN** and his customers.  Such acclaims were done with actual malice.  The tortious acts of Defendants have made the performance of series to Plaintiff's customers more burdensome, difficult and in some cases impossible.

18.     Defendants intentionally violated both the FLSA and the Louisiana Payday Law in connection with the compensation, terms, conditions and privileges of his employment.  The effect of these practices has been to deprive Plaintiff of his earned income, overtime and unpaid wages.

## RESPONDANT SUPERIOR AND RATIFICATION

19.     Whenever in this petition it is alleged that the Defendant **TOMMY DELASALLE** or **SOUTHERN CHLORINATION** did any act or thing, it means that the Defendants' officers, agents, servants, employees or representatives did such act and/or thing that at that time such act was done, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives.

## DAMAGES

20.     As a direct and proximate result of Defendants' conduct, plaintiff suffered the following damages, to-wit:

> a.     Plaintiff was discharged from employment with defendant.  Although plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay.
>
> b.     Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.
>
> c.     Defendant's conduct was an intentional and willful violation of the FLSA. Plaintiff is entitled to an award of liquidated damages within the meaning of the FLSA.  **RYAN** is also entitled to penalties, fines, and punitive damages pursuant to the Louisiana Payday Law.
>
> d.     Plaintiff is entitled to an award of all reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court, as the Court deems equitable and just;
>
> e.     Damages for tortious interference with contacts between Plaintiff and his

{00297351.1 4623/000/ATIDWELL}                    4

customers.

f.      All reasonable and necessary costs incurred in pursuit of this matter;

g.      Expert fees as the Court deems appropriate;

h.      Loss of earnings in the past (i.e. backpay)

## LIQUIDATED DAMAGES

21.     Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for liquidated damages.

## PRAYER

22.     For these reasons, plaintiff asks for judgment against Defendants in an amount to be determined by the fact finder, for the following damages:

a.      Plaintiff was discharged from employment with Defendant.   Although plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay.

b.      Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

c.      Defendant's conduct was an intentional and willful violation of the FLSA. Plaintiff is entitled to an award of liquidated damages within the meaning of the FLSA. **RYAN** is also entitled to penalties, fines, and punitive damages pursuant to the Louisiana Payday Law.

d.      Plaintiff is entitled to an award of all reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court, as the Court deems equitable and just;

e.      Damages for tortious interference with contacts between Plaintiff and his customers.

f.  All reasonable and necessary costs incurred in pursuit of this matter;

g   Expert fees as the Court deems appropriate;

h.  Any and all other relief the court deems just and appropriate to which Plaintiff may be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, **RYAN BERGER**, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,
MIXON, CARROLL & FRAZIER PLLC
107 Riser Street
P. O. Drawer 1619
Columbia, LA  71418
(318) 649-9284 – Telephone
(318) 649-0277 – Facsimile
JCarroll@MixonCarroll.com

BY: _____
JAMES L. CARROLL, LSB# 28322

**Registered Agent for Service of Process:**

**SOUTHERN CHLORINATION SERVICES, LLC,**
**Through its registered agent:**
**TOMMY DELASALLE**
**26144 Hwy 8 West**
**Trout, Louisiana 71371.**

**TOMMY DELASALLE**
**26144 Hwy 8 West**
**Trout, Louisiana 71371.**

{00297351.1 4623/000/ATIDWELL}

6

**STATE OF LOUISIANA**

**PARISH OF CALDWELL**

<u>**VERIFICATION**</u>

Before me, the undersigned Notary, personally came and appeared **RYAN BERGER,** who first being duly sworn by me deposed that he has read the above Petition and that all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief.

**RYAN BERGER**

SWORN TO AND SUBSCRIBED before me, this ___ day of January, 2020, at Columbia , Louisiana.



NOTARY PUBLIC

JOYCE KOLB
NOTARY PUBLIC # 66632
STATE OF LOUISIANA
My Commission Expires with Life

Print Name:_____
Notary #:_____
My Commission Expires:_____